UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. WALKER,

               Plaintiff,               CIVIL ACTION NO. 17-cv-13704

         v.                     DISTRICT JUDGE MATTHEW F. LEITMAN

UNITED STATES STEEL          MAGISTRATE JUDGE MONA K. MAJZOUB
CORPORATION,

               Defendant.
_____/

REPORT AND RECOMMENDATION

      Plaintiff Joseph M. Walker, proceeding *pro se*, initiated this action against Defendant United States Steel Corporation on or about October 13, 2017, in the Third Judicial Circuit Court in Wayne County, Michigan, alleging that Defendant is liable for a work injury that Plaintiff sustained on Defendant's property. (Docket no. 1.) Defendant removed the case to this court on November 14, 2017, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (*Id*.) Before the Court is Defendant's Motion to Dismiss. (Docket no. 5.) Plaintiff filed a Response to Defendant's Motion (docket no. 8), to which Defendant replied (docket no. 9). Plaintiff also filed a Sur-Reply to Defendant's Reply, albeit without leave of court. (Docket no. 10.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 5) be **GRANTED** and that this matter be dismissed in its entirety.

## II.     REPORT

### A.      Background

In the Complaint, Plaintiff alleges that on January 20, 2013, he was working alone in a press trailer owned by his employer, Metropolitan Environmental Services, Inc., and located on Defendant's property in Ecorse, Michigan, when he suffered a fall that resulted in a traumatic brain injury and contusions on his face and left shoulder.  (Docket no. 1 at 10.)  Plaintiff alleges that his legal employer, Metropolitan Environmental Services, Inc., 5055 Nike Dr., Hilliard, Ohio, opened a State of Ohio worker's compensation claim for Plaintiff's work injury on January 22, 2013.  (*Id.*)  Plaintiff also alleges that on February 13, 2013, an "Interloping Company" with a name similar to that of his legal employer but with a different Federal Employer Identification Number and a different address, on Arthington Street in Chicago, Illinois, opened a State of Michigan worker's compensation claim for Plaintiff's work injury.  (*Id.*)  It is not clear from the Complaint whether Plaintiff recovered under either of these worker's compensation claims.[1] Plaintiff claims that "[t]hrough years of litigation within the courts it has been established that there exists no exclusive remedy rights by any parties involved in Mr. Walker's work injury, and that it is Mr. Walker's right to legally pursue the Defendant . . . for damages suffered by Mr. Walker's work injury."  (*Id.* at 11, 14.)  Plaintiff seeks "damages suffered by Plaintiff through and by the negligence of the Defendant" in the amount of $3,500,000.00 "for all monetary

---

[1] There is some indication in the Complaint and the exhibits attached thereto that there was a question regarding whether Plaintiff's employer carried worker's compensation insurance at the time of Plaintiff's injury.  (*See* docket no. 1 at 15, 45.)

damages including but not limited to" lost wages, medical bills, and pain and suffering.  (*Id*. at 14, 18.)

### B.       Governing Law

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket no. 5.)  When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery."  *Id.*  To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### C.     Analysis

Defendant moves to dismiss Plaintiff's Complaint on the following two grounds:  (1) it is time-barred by the statute of limitations; and (2) Plaintiff has failed to state any cognizable claim against Defendant upon which relief can be granted.  (Docket no. 5.)  A plaintiff must commence suit within the time prescribed under the applicable statute of limitations in order to avoid the statute of limitations bar.   "The statute of limitations of the forum state applies in federal diversity cases." *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205, 206 (6th Cir. 1996).  In Michigan, the statute of limitations for personal injury is three years.  Mich. Comp. Laws § 600.5805(2).  Plaintiff's claim accrued on the date of his injury, January 20, 2013, but Plaintiff filed the instant Complaint on or about October 13, 2017, over four and a half years later.  That is, Plaintiff filed this lawsuit after the three-year statute of limitations period expired.

Plaintiff alleges that the limitations period should be tolled because of fraudulent concealment on the part of Defendant.  (Docket no. 1 at 9.)  Michigan's fraudulent concealment statute provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

4

Mich. Comp. Laws § 600.5855.   "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Tonegatto v. Budak*, 112 Mich. App. 575, 583, 316 N.W.2d 262, 266 (1982) (citations omitted).   "Under this statute, '[t]he plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient.'" *Gomba Music Inc. v. Avant*, 225 F. Supp. 3d 627, 636 (E.D. Mich. 2016) (quoting *Sills v. Oakland Gen. Hosp.*, 220 Mich. App. 303, 559 N.W.2d 348, 352 (1996)).   "The acts or misrepresentations constituting fraudulent concealment of a claim must be pled in the complaint." *Tonegatto*, 112 Mich. App. at 584, 316 N.W.2d at 266 (citations omitted).   "Courts are to strictly construe and narrowly apply the fraudulent concealment exception." *McClure v. City of Detroit*, No. 11-CV-12035-DT, 2015 WL 224744, at *4 (E.D. Mich. Jan. 15, 2015) (citations omitted).

Plaintiff's allegations in the Complaint regarding Defendant's alleged fraudulent concealment are not readily apparent.   Plaintiff alleges that when the "Interloping Company" claiming to be Plaintiff's legal employer opened the State of Michigan worker's compensation claim, with the full knowledge and legal assistance of Defendant, Plaintiff was thereby prevented from pursuing his claims against Defendant in the courts because the "Interloping Company" was claiming exclusive remedy rights for Plaintiff's work injury.   (Docket no. 1 at 10, 14.) Plaintiff also alleges that Defendant knew that Plaintiff had no exclusive remedy rights under the worker's compensation claim and "did with intent conceal its responsibility of claim and its identity of being liable of claim by willingly and legally allowing themselves to be removed" from a worker's compensation claim.   (*Id.* at 17.)   In making this latter allegation, Plaintiff refers to an exhibit attached to the Complaint reflecting the fact that at one point, Defendant was also

named as a defendant in Plaintiff's State of Michigan worker's compensation claim, but in a September 24, 2013 Opinion and Order, the Workers' Compensation Board of Magistrates dismissed Plaintiff's Application for Mediation or Hearing filed against Defendant due to a lack of evidence that Defendant had ever been Plaintiff's legal employer.  (*See id*. at 46-49.)

Even if Defendant did assist the "Interloping Company" in opening a worker's compensation claim for Plaintiff and/or allow Plaintiff's worker's compensation claim against Defendant to be dismissed, neither of these allegations, considered alone or in conjunction with the exhibits attached to Plaintiff's Complaint, demonstrate that Defendant committed any affirmative acts or misrepresentations designed to prevent Plaintiff from discovering the existence of any right of action against Defendant.  And none of the arguments that Plaintiff makes in response to Defendant's Motion serve to clarify or bolster these allegations to the level of fraudulent concealment, as the responsive arguments themselves are convoluted.  For example, Plaintiff argues that Defendant never once used Plaintiff's legal employer's address in the instant Motion to Dismiss, which omission "raises points of query, particularly as to why or how Defendant would not know the proper legal address of a Contractor working on it's [sic] Property," and "can be construed as a direct continuation of [Defendant's] [c]oncealment of liability."  (Docket no. 8 at 8.)  Plaintiff's argument in this regard does not draw any logical connection between Defendant's failure to mention Plaintiff's employer's address in the Motion and Defendant's alleged fraudulent concealment, and the Court is unable to independently discern any such connection.  Plaintiff has failed to meet his burden of pleading and proving that Defendant affirmatively and fraudulently concealed any of Plaintiff's claims related to his work injury or the identity of any persons liable for those claims.  Plaintiff is therefore not entitled to equitable tolling under Mich. Comp. Laws § 600.5855.

As Defendant suggests, Plaintiff's allegations sound in a general misunderstanding or ignorance of the law and his right to bring a lawsuit against Defendant notwithstanding Michigan's Worker's Disability Compensation Act, Mich. Comp. Laws § 418.101, *et seq*.  But "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991); *Kalakay v. Farmers Ins. Grp.*, 120 Mich. App. 623, 628, 327 N.W.2d 537, 539 (1982).  *See also Levett v. Chesapeake & Ohio Ry. Co.*, 671 F. Supp. 1137, 1139 n.1 (E.D. Mich. 1987) ("[W]here, as here, there are no allegations of active fraud or concealment, Plaintiff cannot rely on his own ignorance of the law.")

Plaintiff filed the instant action against Defendant one and a half years after the three-year statute of limitations on his personal injury claim expired, and he has failed to demonstrate that he is entitled to equitable tolling of the limitations period on the basis of fraudulent concealment or otherwise.  Plaintiff's claims in this matter are therefore barred by the statute of limitations, and they should be dismissed.  Because Plaintiff's Complaint should be dismissed as time-barred, and in the interest of judicial economy, the undersigned does not reach Defendant's argument that Plaintiff has otherwise failed to state a claim.

### D.      Conclusion

For the above-stated reasons, the court should **GRANT** Defendant's Motion to Dismiss (docket no. 5) and dismiss this matter in its entirety.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  July 9, 2018           s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Joseph M. Walker and counsel of record on this date.

Dated:  July 9, 2018           s/ Leanne Hosking
                               Case Manager

8