UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH WALKER,

    Plaintiff,                          Case No. 17-cv-13704
                                         Hon. Matthew F. Leitman
v.

UNITED STATES STEEL CORPORATION,

    Defendant.

_____/

**ORDER (1) VACATING COURT'S JULY 31, 2018, ORDER (ECF #12) AND JUDGMENT (ECF #13), (2) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #14), (3) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF #11) AND (4) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #5)**

**I**

In this action, Plaintiff Joseph Walker alleges that Defendant United States Steel Corporation ("U.S. Steel") is liable for a work injury that Walker suffered on U.S. Steel's property. (*See* Compl., ECF #1.)  U.S. Steel moved to dismiss Walker's Complaint. (*See* ECF #5.)  On July 9, 2018, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court grant U.S. Steel's motion and dismiss Walker's Complaint (the "R&R"). (*See* ECF #11.)  The Magistrate Judge concluded that (1) Walker had not filed his claims within the

1

applicable statute of limitations and (2) Walker was not entitled to have the limitations period tolled on the basis of fraudulent concealment. (*See id.*)

On July 31, 2018, having received no objections to the R&R, the Court entered an order that adopted the Magistrate Judge's recommended disposition of U.S. Steel's motion and dismissed Walker's Complaint. (*See* ECF #12.) It also entered a judgment in favor of U.S. Steel. (*See* ECF #13.) The next day, the Clerk of the Court received written objections from Walker. (*See* ECF #14.) The objections are dated July 23, 2018, and were placed in the mail on July 25, 2018. (*See id.*) The Court will construe the objections as timely filed, vacate its previous order and judgment that it entered before it received Walker's objections (ECF ## 12-13), and consider the objections.

**II**

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III**

The Court has reviewed Walker's objections, reviewed the portions of the R&R to which the objections are directed, and concludes that the objections are

without merit. In large part, the objections are not directed at either the material portions of the R&R or at the Magistrate Judge's ultimate conclusion that Walker's claim is barred by the applicable statute of limitations. For instance, in Walker's first objection, he takes issue with the Magistrate Judge's observation that "[i]t is not clear from the Complaint whether [Walker] recovered under either of these worker's compensation claims." (Objections, ECF #14 at Pg. ID 140.) Likewise, in Walker's second objection, he objects to a footnote in the same section of R&R that discussed whether Walker's employer had worker's compensation insurance. (*See id.*) These background points were not central to the Magistrate Judge's conclusion that Walker's claims are time barred. Indeed, as the Magistrate Judge pointed out, Walker's "claim accrued on the date of his injury, January 20, 2013, but [he] filed the instant Complaint on or about October 13, 2017 …. after the three-year statute of limitations period expired." (R&R, ECF #11 at Pg. ID 128.) Whether Walker did or did not recover under a worker's compensation claim, or whether his employer did or did not have worker's compensation insurance, does not speak to whether Walker's claim here was timely filed.

In Walker's third and fourth objections, he argues that the Magistrate Judge erred when she concluded that his "allegations in the Complaint regarding [the] alleged fraudulent concealment are not readily apparent." (Objections, ECF #14 at

3

Pg. ID 141-42.) He further insists that U.S. Steel "misrepresented" certain facts regarding the existence of his claim. (*Id.* at Pg. ID 142.)

The Court, however, agrees with the Magistrate Judge that Walker "has failed to meet his burden of pleading and proving that [U.S. Steel] affirmatively and fraudulently concealed any of [his] claims related to his work injury or the identity of any persons liable for those claims." (R&R, ECF #11 at Pg. ID 130.) Walker appears to attempt to meet this burden by pointing to an "Employer's Basic Report of Injury" form attached to his objections which Walker says concealed the name of his true employer. (*See* Objections, ECF #14 at Pg. ID 144.) But Walker has not shown that U.S. Steel had anything to do with the completion of that form. Nor has Walker sufficiently explained how U.S. Steel "committed any affirmative acts or misrepresentations designed to prevent [him] from discovering the existence of any right of action" he may have had against the company. (*Id.*) Walker has therefore failed to persuade the Court that his action is timely or that the limitations period should be tolled due to fraudulent concealment.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

- Walker's objections to the R&R (ECF #14) are **OVERRULED**;
- The recommended disposition of the R&R (ECF #11) is **ADOPTED**;
- U.S. Steel's motion to dismiss (ECF #5) is **GRANTED**; and

4

- Walker's Complaint (ECF #1) is **DISMISSED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764